IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARSHALL JOHN DISNEY,     :
                                       :

               Plaintiff    :

VS.                     :

GEORGIA DEP'T OF CORRECTIONS :    NO. 1:06-CV-26(WLS)
and LEE STATE PRISON,        :

            Defendants    :    **O R D E R**

---

Plaintiff **MARSHALL JOHN DISNEY** has filed a *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed without prepayment of the $250.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a) (Tab # 1). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1).

It is hereby **ORDERED** that hereafter, plaintiff's custodian or his designee shall set aside twenty percent (20%) of all deposits made to plaintiff's trust fund account and forward those funds to the Clerk each time the amount set aside exceeds $10.00, until the $250.00 filing fee has been paid in full. 28 U.S.C. § 1915(b)(2). The Clerk of Court is directed to send a copy of this order to the business manager and the warden of the institution where plaintiff is incarcerated.

*I. BACKGROUND*

Upon review of plaintiff's complaint, the Court finds the following. Plaintiff's lower right

leg was amputated in 2002.  Although plaintiff has a prosthesis, he alleges he is mostly dependent on his wheelchair.  Plaintiff has also been diagnosed with chronic bronchitis and is subject to asthmatic attacks.  Plaintiff is currently confined at Lee State Prison ("LSP") and alleges that the defendants have failed to accommodate his disabilities.  His allegations include the following:  (1) his cell lacks wheelchair space and adequate "environmental control"; (2) the bathrooms and sidewalks are excessively sloped; (3) the library is wheelchair inaccessible and its bookshelves are too high for a person in a wheelchair; (4) the transport vehicles are not wheelchair accessible; and (5) the yard area has no paved pathways.

Plaintiff also alleges that unidentified prison officials retaliated against him for filing a civil rights lawsuit by transferring him from Johnson State Prison ("JSP") to LSP on November 15, 2005.  During said transfer, plaintiff alleges that he was denied pain medication, denied wheelchair use, forced to stand for over one hour, and forced to board and exit the bus with waist chains.  Plaintiff complains that the above caused him excruciating pain.

Plaintiff sues the Georgia Department of Corrections ("GDOC") and LSP, asserting Eighth Amendment claims under section 1983, and disability discrimination claims under Title II of the Americans with Disabilities Act and section 504 of the Rehabilitation Act.

## II.  ORDER TO SUPPLEMENT

Plaintiff's complaint is deficient in two regards, and requires supplementation if plaintiff wishes to pursue all claims raised therein.

### A.  Eighth Amendment Claim under Section 1983 - Proper Defendants

A state and its agencies are not "persons" who may be sued under section 1983.  *Will v.*

2

*Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Because the GDOC and LSP are agencies of the state, they are not "persons" under section 1983.  Accordingly, if plaintiff wishes to maintain his section 1983 claims, he must name suable defendants, i.e., individuals.  If plaintiff does name new defendants, he is required to describe how each is responsible for the alleged deprivations of plaintiff's constitutional rights.  In other words, plaintiff should specify the acts or omissions committed by each defendant or the level of the defendant's knowledge about the allegedly unconstitutional conditions.  Alternatively, if plaintiff is alleging that a particular defendant is liable to him by virtue of an official policy, he should state what policy of that defendant deprived him of his constitutional rights and how such policy was responsible for an infringement of his rights.

### B.  November 15, 2005 Transfer

Plaintiff is advised that he may not join unrelated claims and various defendants, unless the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."  Fed. R. Civ. P. 20(a).  As recognized by the Eleventh Circuit, "a claim arises out of the same transaction or occurrence if there is a logical relationship between the claims."  *Construction Aggregates, Ltd. v. Forest Commodities Corp.*, 147 F.3d 1334, 1337 n.6 (11th Cir. 1998).

It is not clear whether officials at JSP or LSP were responsible for the alleged misconduct surrounding plaintiff's November 15, 2005 transfer.  If the actors were in fact JSP officials, then the resulting claims do not arise "out of the same transaction, occurrence, or series of transactions or occurrences" as plaintiff's claims relating to conditions of confinement at LSP.  Thus, if plaintiff intends to pursue the transfer-related claims occurring at JSP, he is advised that he must file a

3

separate lawsuit in the Southern District of Georgia, which is where JSP is located.  Plaintiff is directed to indicate to this Court whether the transfer claims relate to JSP officials and are therefore not appropriately before this Court.

### III.  NOTICE

Plaintiff is hereby given thirty (30) days from receipt of this order to submit a supplemental complaint, limited to the above claims.  The Court will review the supplement to determine which, if any, claims may go forward and which, if any, defendants should be served with a copy of the complaint.  If plaintiff fails to respond to this order in a timely manner, this action shall be dismissed.  There shall be **no service of process** until further order of the Court.

**SO ORDERED**, this 28th day of March, 2006.


/s/ Richard L. Hodge_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

4