IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARSHALL JOHN DISNEY, :
:
     Plaintiff :
:
:
     VS. : **1 : 06-CV-26 (WLS)**
:
GEORGIA DEP'T. OF CORRECTIONS, :
et al., :
:
:
     Defendants. :

## RECOMMENDATION

     The plaintiff filed this action in February 2006, raising claims regarding the conditions of his confinement at Lee State Prison. The plaintiff claims that he became a below-the-knee amputee on August 26, 2002, and that he was transferred to Lee State Prison on November 15, 2005. Although he has a prosthesis, the plaintiff alleges that he is mostly dependent on his wheelchair. He has also been diagnosed with chronic bronchitis and is subject to asthmatic attacks. In his supplemental complaint, the plaintiff raises various allegations regarding the conditions of his confinement at Lee State Prison, including the lack of wheelchair access to various areas of the prison, the availability of medical staff, and the conditions of his cell. The plaintiff has brought his claims pursuant to 42 U.S.C. § 1983, section 504 of the Rehabilitation Act, and Title II of the Americans with Disabilities Act.

     The defendants filed a motion for summary judgment on December 12, 2006. The undersigned notified the plaintiff of the filing of the defendants' motion, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of his

receipt of the court's order. In light of plaintiff's assertions regarding his failure to receive certain orders and documents, and his assertions regarding an incomplete discovery process, the court reopened the discovery period on July 16, 2007, for a period of thirty days and extended the time for the plaintiff's required response to defendants' summary judgment motion. On August 22, 2007, the plaintiff filed a motion seeking an extension of time in which to respond to the summary judgment motion, based on the alleged loss of certain legal papers in June 2007. The court denied this motion, finding a lack of good cause shown to extend the discovery period further, and ordered the plaintiff to file a response to the pending motion for summary judgment no later than September 7, 2007. As of the filing date of this order, the court has received no additional response from the plaintiff, other than that filed on March 26, 2007.

*Discussion*

In determining a summary judgment motion, the inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. Welch v. Celotex Corp., 951 F.2d 1235 (11th Cir. 1992) (citing Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986)). However, once the movant demonstrates the absence of a genuine issue of material fact, the nonmovant must "make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The defendants rest on the facts as set forth in plaintiff's complaint, to wit, that he is an amputee with a prosthesis, that plaintiff is not confined to a wheelchair but chooses to use a wheelchair, and that he can stand and walk.

*Claims for injunctive relief*

The court notes initially that the plaintiff seeks both monetary damages and injunctive

relief in his original complaint. To the extent that the plaintiff seeks injunctive relief, these claims have been rendered moot by the plaintiff's transfer to another facility. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir.1985) (an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred).

*ADA claims*

The plaintiff challenges the conditions of his confinement at Lee State Prison under the Americans with Disabilities Act ("ADA") and section 504 of the Rehabilitation Act.[1] Title II of the ADA is applicable to state inmates. Pennsylvania Dep't. of Corrections v. Yeskey, 118 S. Ct. 1952 (1998). Title II provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to any discrimination by any such entity." 42 U.S.C. § 12132. "In order to establish a violation of Title II of the ADA, Plaintiff must show: (1) that he is a qualified individual with a disability as defined by the ADA; (2) that he was [denied the benefits of services, programs or activities of Lee State Prison]; and (3) that the [denial] was because of Plaintiff's disability." Dean v. Knowles, 912 F. Supp. 519, 521 (S.D.Fl. 1996). "Applying these principles in a prison setting, it has been held that in order to establish a violation of Title II of the ADA, Plaintiff must show: (1) that he is a qualified individual with a disability as defined by the ADA; (2) that he was excluded from participation

---

[1]Although the language of the ADA and Rehabilitation Act differs, the standards for determining liability under the two statutes are identical. McDonald v. Pa. Dep't of Pub. Welfare, 62 F.3d 92, 94 (3d Cir.1995); Harris v. Thigpen, 941 F.2d 1495 (11th Cir.1991) (establishing the same standard of review under the Rehabilitation Act, 29 U.S.C. 794).

in the facility's [] program[s]; and (3) that the exclusion was because of Plaintiff's disability." Raines v. State of FL., 983 F. Supp. 1362, 1371 (M.D.Fl. 1997).

The defendants maintain that the plaintiff has failed to establish a prima facie case of discrimination under the either the ADA or the Rehabilitation Act. In his initial and supplemental complaints, the plaintiff raised allegations regarding his housing assignment along with claims that the facilities at Lee State Prison were not wheelchair-accessible. However, as the defendants point out, the plaintiff does not allege that he is completely dependent on the use of a wheelchair, but admits that he has a prosthesis and that he chooses to use a wheelchair for the "majority of [his] maneuverability". (Complaint). In certain of the circumstances described by the plaintiff in his complaints, to wit, access and space within his cell, the prison law library, the prison bathrooms and sidewalks, the prison eating area, and the prison transport van, the plaintiff has not alleged or established that his complete dependence on the use of a wheelchair, and corresponding inability to stand with his prosthesis or other assistive device, prevents him from fully accessing the prison facilities. Accordingly, these ADA and Rehabilitation Act claims must fail.

The plaintiff also alleges, for the first time in his response to defendants' summary judgment motion, that because of his conditions, he was "effectually barred from being moved into LSP's recently formed 'character and faith building' environmental housing unit. . . . Plaintiff is therefore also being discriminated against in the opportunity to deepen and broaden his religious faith and to improve his character". Plaintiff's Resp. at p. 11, Doc. # 40. Inasmuch as this claim was not part of his original or supplemental complaints, the plaintiff cannot now add this claim by means of responding to the defendants' motion for summary judgment.

4

However, in his sworn complaints and in response to the defendants' summary judgment motion, the plaintiff also alleges that he is discriminated against because of his lower limb loss and a bronchitis condition by being housed in a handicap-designated area with inadequate ventilation or air-conditioning. According to the plaintiff's sworn complaints and affidavit, this handicapped area is the only housing area at Lee State Prison without air-conditioning. He so states in his supplemental complaint that "Unit G is the only housing unit at LSP without year-round 'environmental control' (air-conditioning)." Supp. Complaint at p. 5. The defendants do not address this issue in their motion for summary judgment other than stating that the plaintiff has failed to "show any evidence that the 'environmental controls' are not adequate", nor do they provide the court with any affidavits or evidentiary support to address this claim, to wit, that the plaintiff was denied access to air-conditioned housing units because of his physical condition(s). Although this claim may very well prove to be without merit, the defendants have provided the court with no other option than to rule that this portion of plaintiff's claims survives the defendants' summary judgment motion; the defendants have provided the court with nothing that allows this claim to be dismissed or resolved at the summary judgment stage.

*Deliberate indifference*

The plaintiff also claims that the lack of handicapped facilities and means of housing handicapped inmates at Lee State Prison evidence deliberate indifference to his condition. Deliberate indifference "requires that the actor recklessly ignore the medical situation in the face of information that a reasonable person would know requires action." Howell v. Evans, 922 F.2d 712, 720 (11th Cir. 1991), *rev'd. on other grounds,* 12 F.3d 190 (1994).

In their motion for summary judgment, the defendants argue that the plaintiff has failed to

5

specify any incident of alleged deliberate indifference to his medical condition(s). Again, based on the plaintiff's allegations in his complaint, the court agrees. The only allegation approaching any degree of specificity is the plaintiff's claim that he suffered pain during his transport on the Lee State Prison transport van, which the plaintiff alleges is not handicapped accessible. Plaintiff's allegations as set out in his complaint and response to the defendants' summary judgment motion do not rise to level of deliberate indifference to a serious medical need.

Accordingly, it is the recommendation of the undersigned that the defendants' Motion for Summary Judgment be **GRANTED IN PART** and **DENIED IN PART**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof. **SO RECOMMENDED**, this 11th day of September, 2007.

/s/ *Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb