IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

MARSHALL JOHN DISNEY,

    Plaintiff

v.      1:06-cv-26 (WLS)

GEORGIA DEP'T. OF CORRECTIONS, et al.,

    Defendants

## ORDER

Before the Court is a Recommendation from United States Magistrate Richard L. Hodge filed on September 11, 2007. (Doc. 50). It is recommended that Defendant's Motion for Summary Judgment (Doc. 25) be granted-in-part and denied-in-part. (Doc. 50). Plaintiff filed a timely objection to the Report and Recommendation on September 26, 2007. (Doc. 51).

In the Recommendation, it was found that Plaintiff has failed to meet his burden of establishing a prima facie case of discrimination under the Americans with Disabilities Act (herein "ADA") or the Rehabilitation Act with regard to certain claims, therefore requiring judgment in favor of Defendant as a matter of law on these claims. (Doc. 50). Specifically, Plaintiff's allegations concerning his housing assignment and claims that the Lee State Prison was not wheelchair-accessible must fail because Plaintiff does not allege or establish "his complete dependence on the use of a wheelchair." Id. However, Defendant failed to provide the Court with any evidence to properly contradict Plaintiff's claim under the ADA and Rehabilitation Act concerning the lack of adequate "environmental control" at the Prison. Id. Therefore, this claim survives Defendant's Motion for Summary Judgment. Finally, Plaintiff's claims of deliberate indifference must fail because Plaintiff fails to put forth any specific allegations of deliberate indifference to his serious medical condition(s). Id.

In his objection, Plaintiff reasserts many of the arguments made in his Response to Defendant's Motion for Summary Judgment. (Doc. 50; *see* Doc. 40). Plaintiff highlights, however, that Magistrate Judge Hodge's Recommendation to this Court (Doc. 50) was based on the misconception that Plaintiff "chooses to use a will chair". (Doc. 51). However, Judge

Hodge's Recommendation actually noted that Plaintiff failed to allege that "he is completely dependent on the use of a wheelchair." (Doc. 50).  Plaintiff still fails to levy such an allegation in his objection. (Doc. 51).  The arguments and assertions contained in the Plaintiff's Objection (Doc. 58) were fully considered by Magistrate Judge Hodge.  Upon further review, the Court finds that the objection does not demonstrate that the Magistrate Judge made any clear error in law or findings in recommending that Defendant's Motion for Summary Judgment (Doc. 25) be granted in part and denied in part.  Accordingly, Plaintiff's objections (Doc. 51) are **OVERRULED**.

Therefore, upon full review and consideration upon the record, the Court finds that said Report and Recommendation (Doc. 50) should be, and hereby is, **ACCEPTED**, **ADOPTED** and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated and conclusions reached herein.  Accordingly, Defendant's Motion for Summary Judgment (Doc. 25) is **DENIED-IN-PART** and **GRANTED-IN-PART**.

**SO ORDERED**,  this   27th   day of September, 2007.


　　　　　　　　　　　　　　　　　　　　  /s/W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,**
**UNITED STATES DISTRICT COURT**